NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL D. KELLEY, | No. 18-35395 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-02400-AC |
| v. | |
| COLETT S. PETERS, being sued in her individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted January 2, 2019[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Michael D. Kelley, an Oregon state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations in connection with his confinement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants because Kelley failed to raise a genuine dispute of material fact as to whether defendants provided insufficient notice of the reasons for retaining him in administrative segregation, or as to whether the "some evidence" standard was met. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 – 88 (9th Cir. 2003) (explaining that due process claims based on administrative segregation are subject to the "some evidence" standard); *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (discussing "indicia of reliability" of evidence); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 – 1101 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (describing due process notice and hearing requirements in the administrative segregation context).

**AFFIRMED.**